UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLORADO

Civil Action No. 1:10-cv-00646-WYD-CBS

CONTRADA, Inc., a Colorado corporation,
    Plaintiff,
v.

ROBIN L. PARSLEY, and
N SKY LIVING, INC., a Texas corporation,
    Defendants.

ORDER ON MOTION FOR SUBSTITUTED SERVICE OF PROCESS ON DEFENDANTS

Magistrate Judge Craig B. Shaffer

THIS MATTER comes before the court on: (1) Plaintiff Contrada, Inc.'s ("Contrada") Motion for Substituted Service of Process on Defendants, Robin L. Parsley and N Sky Living, filed June 17, 2010 (doc. # 7); and (2) Contrada's Motion for Extension of Time to Serve Defendants, filed July 15, 2010 (doc. # 11). Pursuant to the Order of Reference dated March 23, 2010 (doc. # 2) and the memoranda dated June 17, 2010 (doc. # 9) and July 16, 2010 (doc. # 12), these matters were referred to Magistrate Shaffer. The court has carefully considered the Motions, the exhibits, the entire case file, and the applicable law. For the reasons set forth below, the (1) Motion for Substituted Service of Process on Defendants and (2) Motion for Extension of Time to Serve Defendants are granted.

**I. Statement of the Case**

Contrada, a Colorado corporation, filed the Complaint on March 19, 2010 alleging that Mr. Parsley and N Sky were guarantors on a Promissory Note loaning $8,000,000 to Endeavor Highrise, L.P., a Texas corporation. (Compl. and Jury Demand.) Endeavor has defaulted under the terms and conditions of the Promissory Note and is now believed to be in bankruptcy. (*Id*. ¶

7.) Contrada has demanded that Mr. Parsley and N Sky make payments pursuant to the terms of the Personal and Corporate Guarantees for the Promissory Note with accrued interest, default interest, late fees, and attorneys' fees and costs. (*Id*. ¶ 8.) No payment has been received. (*Id*.) Contrada has filed claims for (1) Breach of Contract/Guaranty Agreements, (2) Promissory Estoppel, and (3) Unjust Enrichment. (*Id*. ¶¶ 9-19.)

Contrada has been unable to personally serve Mr. Parsley, individually and as the registered agent and president of N Sky. (Mot. For Substituted Service of Process on Defs (doc. # 7).) Three process servers have provided affidavits attesting to approximately fifteen service attempts[1]. (*Id*. ¶ 3; *See Id.* Ex. A, B, and C.) Collectively they have tried in person to serve Defendants at Mr. Parsley's residential address, usual business address, "other" business address, and at Mr. Parsley's girlfriend's home. (*Id*.; *See Id.* Ex. A, B, and C.) Certified mail to N Sky's address listed in the records of the Texas Comptroller of Public Accounts was returned as undeliverable. (*Id*. Ex. D.) Contrada asks the court to authorize substituted service on Charles S. Turet, Jr., Defendants' attorney in a separate case, at his business address.

**II. Analysis**

According to federal law:

(e) ... Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:

> (1) **following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made**; or
> (2) doing any of the following:

---

[1] Contrada's Motion states the process servers have "despite over 20 total efforts" been unable to serve Mr. Parsley. According to the affidavits attached as Exhibits A, B, C there have been approximately fifteen attempts.

> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. Pro. 4 (emphasis added). Contrada has tried to serve Defendants pursuant to Fed. R. Civ. Pro. 4(e)(2)(A) and (B). Contrada is not attempting to serve Defendants' attorney as an agent under Fed. R. Civ. Pro. 4(e)(2)(C)[2] but instead asks this court to permit substituted service pursuant to Texas and/or Colorado law.

In Colorado, the forum state, substituted service may be allowed by the court:

> (f) . . .In the event that a party attempting service of process by personal service under section (e) is unable to accomplish service, and service by publication or mail is not otherwise permitted under section (g), the party may file a motion, supported by an affidavit of the person attempting service, for an order for substituted service. The motion shall state (1) the efforts made to obtain personal service and the reason that personal service could not be obtained, (2) the identity of the person to whom the party wishes to deliver the process, and (3) the address, or last known address of the workplace and residence, if known, of the party upon whom service is to be effected. **If the court is satisfied that due diligence has been used to attempt personal service under section (e), that further attempts to obtain service under section (e) would be to no avail, and that the person to whom delivery of the process is appropriate under the circumstances and reasonably calculated to give actual notice to the party upon**

---

[2] Under law, an authorized agent is *not* normally the defendant's attorney. Alan N. Greenspan, *Process and Subpoenas in Federal and Texas State Courts,* 46 Baylor L. Rev. 613, 620 (Summer 1994).
> An agent must be expressly appointed for the purpose of receiving service. *See Reynolds v. Reynolds*, 309 F.2d 395 (5th Cir. 1962); *Ransom v. Brennan*, 437 F.2d 513, 518-519 (5th Cir. 1971) (service of process is not effectual on an attorney solely by reason of his capacity as an attorney). Service cannot generally be made on an attorney retained by a corporate defendant, unless the attorney has been specially authorized and designated by defendant to receive service of process. *United States v. Marple Community Record, Inc.*, 335 F. Supp. 95, 101-102 (E.D. Pa. 1971); *See also Burger Chef Systems, Inc. v. Baldwin, Inc.*, 365 F. Supp. 1229 (S.D.N.Y. 1973); *Ransom,* 437 F.2d 513.

*Davis-Wilson v. Hilton Hotels Corp.,* 106 F.R.D. 505, 508 (E.D. La. 1985).

**whom service is to be effective, it shall**:

(1) authorize delivery to be made to the person deemed appropriate for service, and

(2) order the process to be mailed to the address(es) of the party to be served by substituted service, as set forth in the motion, on or before the date of delivery. Service shall be complete on the date of delivery to the person deemed appropriate for service.

C.R.C.P. 4 (emphasis added)**.** "In the motion and affidavit the applicant must be forthright and explicit in setting forth all of the pertinent facts . . . Anything short of the full disclosure of all known pertinent facts is designated in law as a fraud upon the court and renders void any decree thereafter entered." *Coppinger v. Coppinger*, 274 P.2d 328, 331 (Colo. 1954) (citation omitted) (concerning constructive service by publication).

In Texas, where Defendants are residents and where service is to be made, substituted service may be allowed by the court:

> (b) Upon motion supported by affidavit stating the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found and stating specifically the facts showing that service has been attempted under either (a)(1) or (a)(2) at the location named in such affidavit but has not been successful, the court may authorize service
> (1) by leaving a true copy of the citation, with a copy of the petition attached, with anyone over sixteen years of age at the location specified in such affidavit, or
> **(2) in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit**.

Tex. R. Civ. Pro. 106(b) (emphasis added). Texas courts have authorized service on a defendant's attorney as an alternate method of service pursuant to Tex. R. Civ. Pro. 106(b)(2) when affidavits or other evidence demonstrate service is reasonably calculated to provide notice. *See Leach v. City Nat'l Bank of Laredo*, 733 S.W.2d 578, 581 (Tex. App. 1987) (recognizing general rule that service on attorney is not sufficient to effect service on principal but allowing

4

substitute service on attorney in situation where client could not be located because the attorney could contact him. "The . . .[plaintiff]. . . strictly complied with rule 106 in that substituted service was made after motion supported by affidavit stating facts that service had been unsuccessfully attempted, and after showing that serving. . . [defendant]. . . and the Secretary of State would be reasonably effective to give appellant notice of suit.") *cited in* 2-31 Dorsaneo, Texas Litigation Guide § 31.02; *see also* Greenspan, *Process and Subpoenas in Federal and Texas State Courts,* 46 Baylor L. Rev. 613 (Summer 1994).

In Texas, the Secretary of State is also an agent for service of process on a Texas corporation, if that corporation does not maintain a registered agent or if the registered agent cannot be located. Greenspan, *Process and Subpoenas in Federal and Texas State Courts*, 46 Baylor L. Rev. 613, 621 (Summer 1994).

> A. The president and all vice presidents of the corporation and the registered agent of the corporation shall be agents of such corporation upon whom any process, notice, or demand required or permitted by law to be served upon the corporation may be served.
>
> B. Whenever a corporation shall fail to appoint or maintain a registered agent in this State, or whenever its registered agent cannot with reasonable diligence be found at the registered office, then the Secretary of State shall be an agent of such corporation upon whom any such process, notice, or demand may be served. Service on the Secretary of State of any process, notice, or demand shall be made by delivering to and leaving with him, or with the Deputy Secretary of State, or with any clerk having charge of the corporation department of his office, duplicate copies of such process, notice, or demand. In the event any such process, notice, or demand is served on the Secretary of State, he shall immediately cause one of the copies thereof to be forwarded by registered mail, addressed to the corporation at its registered office. Any service so had on the Secretary of State shall be returnable in not less than thirty (30) days.

Tex. Bus. Corp. Act art. 2.11**.**

Contrada's counsel has attempted to serve Defendants at the registered office address listed in the records of the Texas Comptroller of Public Accounts, via certified mail as permitted

5

by Texas Law. *See* Tex. R. Civ. P. 106(a)(2). (Mot. for Substituted Service of Process on Defs. (doc. # 7) ¶ 6.) That mailing was returned stamped "Attempted Not Known." (Id.) Service on Defendants has been unsuccessful. Contrada argues that service on Mr. Charles S. Turet Jr., of the law firm of Frank, Elmore, Lievens, Chesney & Turet, L.L.P., is reasonably calculated to give actual notice to Mr. Parsley and N Sky based on Mr. Turet's current and previous representation of Defendants.[3] The court agrees that if Mr. Turet is currently representing Mr. Parsley and/or N Sky, service is reasonably calculated to give actual notice to Defendants. The court is not prepared to make the same assumption based solely on Mr. Turet's previous representation.

Service on Mr. Turet is permitted under Texas and Colorado law, and therefore under federal law, provided Mr. Turet currently represents Defendants. The validity of this service is dependent on the accuracy of the statements contained in Contrada's motion. *Coppinger,* 274 P.2d at 331*; Weber v. Williams***,** 324 P.2d 365 (Colo. 1958). The court is permitting Contrada to substitute service on Defendants' attorney under Tex. R. Civ. P. 106(b)(2). This order does not assert any opinion as to the effectiveness of this service nor does it preclude any challenges or defenses that may arise under Fed. R. Civ. P. 12(b)(4) or (5).

---

[3] In *Custom Components, L.L.C. v. N Sky Construction, et. al.,* a case currently pending before the District Court of Harris County, Texas, Cause Number 2009-16937, Mr. Turet signed and filed answers as the attorney for Mr. Parsley and N Sky on September 9, 2009. (Mot. For Substituted Service of Process on Defs (doc. # 7) Ex. E.) In *Burns and Burns v. N Sky Construction, et. al.,* Jerry L. Elmore, of the same firm, signed and filed an amended answer as the attorney for Mr. Parsley and N Sky on September 19, 2008. (Id. Ex. G.)

Accordingly, IT IS ORDERED that:

1. Contrada's Motion for Substituted Service of Process of Defendants (filed June 17, 2010) (doc. # 7) is GRANTED. Contrada shall serve Defendants Parsley and N Sky with process by doing all of the following:

    a. Delivering by certified U.S. mail, return receipt requested, the Summons and Complaint, along with a copy of this order, to Charles S. Turet, Jr. at Frank, Elmore, Lievens, Chesney & Turet, L.L.P., 808 Travis St., Suite 2600, Houston, Texas 77002-5705. Service on the Defendants shall be deemed complete upon the date of delivery to Charles S. Turet, Jr., as evidenced by the return receipt for that mailing.

    b. Sending by first class U.S. mail the Summons and Complaint, along with a copy of this order, to Robin L. Parsley at his last-known usual residential address of 1 Waterford Oaks Lane, League City, Texas, 77573, on or before the date of delivery to Charles S. Turet, Jr.

    c. Sending by certified U.S. mail, return receipt requested, the Summons and Complaint, along with a copy of this order, to the Texas Secretary of State pursuant to Tex. Bus. Corp. Act art. 2.11.

    d. Following any other requirements to effect service consistent with Texas law.

2. Contrada's Motion for Extension of Time to Serve Defendants (filed July 15, 2010) (doc. # 11) is GRANTED. On or before August 25, 2010, Contrada shall file with the court proof of compliance with this Order for substituted service.

Dated at Denver, Colorado on this 21st day of July, 2010.

BY THE COURT:

    s/Craig B. Shaffer
    United States Magistrate Judge