IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 10-cv-00646-WYD-CBS

CONTRADA, INC., a Colorado corporation,

    Plaintiff,

v.

ROBIN L. PARSLEY; and
N SKY LIVING, INC., a Texas corporation,

    Defendants.

## ORDER AND DEFAULT JUDGMENT

THIS MATTER comes before the Court upon Plaintiff's Motion for Entry of Default Judgment Against Defendant N Sky Living, Inc., filed September 23, 2010, [ECF No. 25]. Having reviewed the motion and the file herein, and being fully advised in the premises, I hereby enter the following findings, judgment, and orders:

### FINDINGS OF FACT

1. On Marcy 19, 2010, Plaintiff filed its Complaint in this action, alleging that Defendant Robin L. Parsley and Defendant N Sky Living, Inc. ("N Sky") were guarantors on a Promissory Note loaning $8,000,000.00 to Endeavor Highrise, L.P., a Texas corporation. Defendant Parsley is the registered agent and President of Defendant N Sky. Plaintiff alleges that Endeavor defaulted under the terms and conditions of the Promissory Note and is believed to be in bankruptcy. While Plaintiff has demanded that

Defendant Parsley and Defendant N Sky make payments pursuant to the terms of guarantee agreements, no payments have been received.  Plaintiff has asserted claims for Breach of Contract/Guaranty Agreements, Promissory Estoppel, and Unjust Enrichment.  I find that jurisdiction is proper pursuant to 28 U.S.C. § 1332.

2. On July 21, 2010, Magistrate Judge Shaffer entered an Order granting Plaintiff's Motion for Substituted Service of Process on Defendants, permitting Plaintiff to serve Defendants through Charles S. Turet, Jr., Defendants' attorney in a separate case, at his business address.  Defendants were subsequently served pursuant to the directions set forth in that Order.  *See* [ECF No. 13].

3. On August 13, 2010, Mr. Turet requested an extension of time for Defendants Parsley and N Sky to respond to the Complaint to August 30, 2010 in exchange for Defendants' acknowledgment of substituted service on Mr. Turet and N Sky pursuant to Magistrate Judge Shaffer's Order.

4. To date, Defendant N Sky has not appeared in this matter, and has not answered or responded to the Complaint in any fashion whatsoever.  On October 8, 2010, the Clerk docketed an Entry of Default against Defendant N Sky Living, Inc.  pursuant to Fed. R. Civ. P. 55(a).  *See* [ECF No. 30].

5. Defendant N Sky executed a Corporate Guarantee dated March 28, 2006, in which it guaranteed payment of amounts due pursuant to the terms of the Promissory Note together with accrued interest, default interest, late fees, and attorneys' fees and costs.  The principal amount due on the Promissory Note is $8,000,000.00.  Despite Plaintiff's demand for payment, no payment has been received.

6. Pursuant to Paragraph 2 of the Promissory Note, so long as the Maker is not in default, the Promissory Note shall bear interest at the rate of seventeen percent (17%) per annum. Base interest has accrued on the Promissory Note in the amount of $633,424.66.

7. Pursuant to Paragraph 7 of the Promissory Note, in the event of default, all amounts due and outstanding under the Promissory Note shall bear interest at a default rate equal to the Base Interest Rate plus four percent (4%). Thus, a default rate of 21% per annum is due on the unpaid balance from the date of default, June 1, 2008 to September 10, 2010. Default interest has accrued in the amount of $3,824,876.71 through September 10, 2010.

8. Pursuant to Paragraph 4 of the Promissory Note, if the Maker pays any amounts after the due date, the Holder is entitled to a late charge equal to 5% of the amount of the late payment. The late charge of 5% of the outstanding principal amount due and owing is $400,000.00.

9. Pursuant to the terms of the Promissory Note, the total principal, base interest, default interest, and late charges due under the Promissory Note total $12,858,301.37.

10. Pursuant to paragraph 6(b) of the Corporate Guarantee, Defendant N Sky has agreed to pay all attorneys' fees and costs incurred in any action to collect the Guaranteed Amount or to enforce the Corporate Guarantee. As of September 20, 2010, Plaintiff has incurred attorneys' fees of $9,082.00 and costs of $1,464.21, for a total amount of $10,546.21.

11. I have reviewed Plaintiff's Motion for Entry of Default Judgment Against

Defendant N Sky Living, Inc., and find that there exists an adequate factual and legal basis for the entry of default judgment against Defendant N Sky. Defendant N Sky is neither a minor nor an incompetent person. I am satisfied that the entry of default judgment against Defendant N Sky is appropriate under F.R.Civ.P. 55(b).

DEFAULT JUDGMENT

Pursuant to Fed.R.Civ.P. 55(b), default judgment is hereby entered in favor of the Plaintiff Contrada, Inc. and against Defendant N Sky Living, Inc. upon Plaintiff's Complaint and pursuant to the terms of the Promissory Note and Corporate Guarantee as follows:

- Principal balance of $8,000,000.00;
- Base interest in the amount of $633,424.66;
- Default interest in the amount of $3,824,876.71;
- Late charge of $400,000.00;
- Attorneys' fees of $9,082.00 and costs of $1,464.21;

In the TOTAL amount of: **$12, 868, 847.58** plus statutory interest pursuant to 28 U.S.C. § 1961.

Dated: October 21, 2010

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge