IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  10-cv-00646-WYD-CBS

CONTRADA, INC., a Colorado corporation,

    Plaintiff,

v.

ROBIN L. PARSLEY; and
N SKY LIVING, INC., a Texas corporation,

    Defendants.

## ORDER

I.     <u>INTRODUCTION</u>

THIS MATTER is before the Court on Plaintiff's Motion for Summary Judgment, filed April 18, 2011 [ECF No. 54].  Plaintiff seeks summary judgment on its claim for breach of contract based on Defendant Parsley's alleged breach of a personal guaranty of a promissory note and loan agreement.  I also address Plaintiff's Motion to Strike Defendant Robin L. Parsley's Damages, filed September 7, 2011 [ECF No. 85]; and Plaintiff's Motion to Strike Jennifer Quintinsky as a Witness, filed September 7, 2011 [ECF No. 86].

II.     <u>BACKGROUND</u>

Voluminous facts have been asserted in connection with the summary judgment motion and briefing.  I will summarize those facts which I deem pertinent to my ruling.  I

have, however, construed all of the facts in the light most favorable to Defendant Parsley as I must for purposes of this summary judgment motion. *See Carolina Cas. Ins. Co. v. Yeates*, 533 F.3d 1202, 1204 (10th Cir. 2008).

In March of 2006, Endeavor Highrise, L.P. ("Endeavor"), and Plaintiff Contrada, Inc. ("Contrada") entered into a Loan Agreement for the principal amount of $2 million. The purpose of the loan was to provide financing for construction of a high rise residential condominium tower. It is undisputed that the Loan Agreement was executed by Defendant Robin L. Parsley ("Parsley) on behalf of Endeavor, and by Contrada's President, Tom Wengh. In connection with the Loan Agreement, Endeavor executed a Promissory Note and Parsley executed a Personal Guaranty ("Guaranty"). The Guaranty references the Loan Agreement and the Promissory Note, and contains the following guaranty:

> For value received, and in consideration of and as an inducement for the financial accommodations (the term financial accommodations is used in its most comprehensive sense to include any transaction or arrangement resulting in a debtor-creditor transaction) heretofore or at any time hereafter extended by [Contrada] to or for the account of [Endeavor], <u>Guarantor hereby unconditionally guarantees the prompt payment of the Obligations to the extent of the Guaranteed Amount</u>, upon demand, when due, by reason of acceleration or otherwise, including interest on the principal amount thereof at such basic and default rates, as applicable, as are provided for in any applicable promissory note.

The Guaranty further provides that the "guaranteed amount" is "[o]ne half of the full value of all Obligations."

According to Contrada, between 2006 and 2008, it loaned additional monies to

Endeavor, resulting in a Note Modification Agreement and a Second Promissory Note, dated December 14, 2007. The Second Promissory Note provided for a line of credit loan in the amount of $8 million, reflecting the original $2 million loan and additional loan advances of up to $6 million.

Parsley admits executing the Second Promissory Note on behalf of Endeavor, and he admits that amounts loaned pursuant to the Second Promissory Note have not been repaid. He asserts, however, that summary judgment is not appropriate because there are genuine issues of material fact concerning the source of the funds paid to Endeavor, and because the Guaranty is unenforceable based on fraud and/or breach of fiduciary duty.

II.     ANALYSIS

    A.     Plaintiff's Motion for Summary Judgment

        1.     Standard of Review

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the court may grant summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the ... moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Equal Employment Opportunity Comm. v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000). "When applying this standard, the court must 'view the evidence and draw all reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.'" *Atlantic Richfield Co. v. Farm Credit Bank of*

*Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000) (quotation omitted). All doubts must be resolved in favor of the existence of triable issues of fact. *Boren v. Southwestern Bell Tel. Co.*, 933 F.2d 891, 892 (10th Cir. 1991).

        2.      <u>Whether Contrada Is Entitled to Summary Judgment on Its Breach of Contract Claim</u>

A party attempting to recover on a breach of contract claim must prove the following elements: (1) the existence of a contract; (2) performance by the plaintiff or some justification for nonperformance; (3) failure to perform the contract by the defendant; and (4) resulting damages to the plaintiff. *Western Distributing Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992). A guaranty is a specialized type of contract and, as distinguished from an ordinary contract, its terms are to be "strictly construed" and "are not to be extended by implication beyond the express terms of the instrument or the plain intent of the parties." *A.R.A. Mfg. Co. v. Cohen*, 654 P.2d 857, 859 (Colo. 1982). Here, Parsley contends that genuine issues of material fact as to the first element, the existence of a contract, preclude summary judgment. Specifically, Parsley asserts that because the Guaranty extends only to loans from Contrada, and because Contrada provided little or no money to Endeavor, the Guaranty is unenforceable due to a failure of consideration.

Under Colorado law, an enforceable contract requires mutual assent to an exchange, between competent parties, with regard to a certain subject matter, for legal consideration. *Denver Truck Exchange v. Perryman*, 134 Colo. 586, 307 P.2d 805, 810 (1957); *see also*, *Sumerel v. Goodyear Tire & Rubber Co.*, 232 P.3d 128, 133 (Colo.

App. 2009) (a contract is formed when one party makes an offer and the other accepts it, and the agreement is supported by consideration). "Consideration" is defined as "[s]omething . . . bargained for and received by a promisor from a promisee; that which motivates a person to do something, esp. to engage in a legal act." *Intern'l Paper Co. v. Cohen*, 126 P.3d 222, 224 (Colo. App. 2005) (quoting *Black's Law Dictionary* 324 (8th ed. 2004)).

While Parsley does not dispute that he executed the Guaranty, which unambiguously promises payment of any monies loaned by Contrada to Endeavor pursuant to the Loan Agreement and first and second Promissory Notes, he contends that because the funds transferred to Endeavor did not come from Contrada, there is no consideration. In support of this assertion Parsley notes that "the only record of transfers of funds to Endeavor pursuant to the [Loan Agreement] . . . shows that Contrada did not transfer a singe cent to Endeavor before September 2007." The "record of transfers of funds" to which Parsley refers ("Exhibit B") is a spreadsheet that appears to show various transfers to Endeavor made pursuant to the Loan Agreement from March, 2006 through July 22, 2008. The notations on the spreadsheet preceding the individual transfers show entries for "Marzano/Wengh," "Marzano," "T Wengh" and "Contrada." Thomas Wengh is Contrada's President and Carlo Marzano is an agent of Contrada and one of its shareholders. Parsley maintains that transfers coming from "Marzano/Wengh," "Marzano," and "T Wengh," are not transfers from Contrada. According to Exhibit B, the total amount of funds transferred to Endeavor, from any source, is $6,134,800.00.

Contrada does not deny that Exhibit B is an accurate record of the funds transferred to Endeavor pursuant to the Loan Agreement. It asserts only that "the fact that funds were sent to Endeavor by Contrada shareholders does not change the fact that a loan was made by Contrada . . .." I note that in its initial motion Contrada sought judgment of approximately $8 million, plus penalties and attorneys' fees; the full amount contemplated in the Second Promissory Note. Contrada later filed an amendment to the motion seeking one-half the full amount, plus interest and penalties. On December 16, 2011, Contrada filed a second amendment to its motion stating that during discovery in an Adversary Proceeding in connection with Endeavor's bankruptcy case in the Southern District of Texas, it discovered that the amount Contrada loaned to Endeavor was actually $6,134.800.00; the exact amount of total funds set forth in Exhibit B.

Construing Exhibit B in the light most favorable to Parsley, only a portion of the $6 million transferred to Endeavor was transferred pursuant to the Loan Agreement. Therefore, while Exhibit B is some evidence that Contrada transferred significantly less money to Endeavor that what it seeks to recover in this action, Exhibit B does not demonstrate a complete failure of consideration.

In a related argument, Parsley asserts that he is not liable on the Guaranty because the funds transferred to Endeavor pursuant to the Loan Agreement were actually individual equity contributions by Thomas Wengh, Carlo Marzano and Marzano's family. Here Parsley relies on Mr. Marzano's testimony during Endeavor's bankruptcy case that he and his family had invested in excess of $10 million in Endeavor. Construed in the light most favorable to Parsley, this testimony is relevant to

determining whether funds transferred to Endeavor by Marzano and his family were "financial accommodations," extended by Contrada under the Guaranty, but it does not render the Guaranty unenforceable.

In conclusion, while I find that there are no disputed issues of material fact regarding Parsley's breach of the Guaranty, summary judgment is not appropriate because there are material facts in dispute concerning the amount of funds transferred to Endeavor pursuant to the Loan Agreement and, therefore, the amount of Parsley's liability under the Guaranty.

> 3. Whether Parsley Has Demonstrated Issues of Material Fact With Respect to His Defenses

I now turn to Parsley's assertion that the Guaranty is unenforceable because it was procured by fraud or breach of a fiduciary duty to Parsley, and because Contrada "impaired its recourse" against Endeavor.

First, I note that even assuming that Parsley can prove all of the elements of his breach of fiduciary duty counterclaim, the legal and factual basis of which is in dispute, this would not render the Guaranty unenforceable. Similarly, while there are factual disputes surrounding whether Contrada or its agents "put Endeavor into bankruptcy," Parsley has not demonstrated that "impaired recourse" is a defense to an otherwise enforceable contract under Colorado law.[1]

However, if Parsley can prove his affirmative defense of fraud, he will not be

---

[1] In support of this argument Parsley cites the Restatement (Third) of Suretyship & Guaranty, and *Rabinowitz v. Cadle Co. II., Inc.*, 993 S.W.2d 796 (1999), a non-binding district court case that based its holding on an interpretation of various provisions in the Texas Business and Commerce Code.

legally responsible to Contrada for any damages incurred in connection with its breach of contract claim. In order to establish this affirmative defense, Parsley must show that (1) Contrada made a false representation of a past or present fact; (2) that the fact was material; (3) that Parsley entered into the Guaranty relying on the assumption that the falsely stated fact was true; (4) that the reliance was justified; and (5) that the reliance caused damages. *See* Colo. Jury Instr., Civil 30:21; *see also Kopeikin v. Merchants Mortg. and Trust Corp.*, 679 P.2d 599 (Colo. 1984) (reciting elements of fraudulent concealment).

Parsley testified in his deposition that he executed the Guaranty after Marzano, a shareholder and agent of Contrada, told him that the Guaranty would not be enforced. In addition, there is evidence in the record that at the time the Loan Agreement and Promissory Note were prepared, a second personal guaranty was prepared for Mr. Marzano, but was never executed. Contrada disputes these allegations and contends that this evidence is inadmissible "parole evidence." However, the parole evidence rule does not apply to allegations of fraud. *See Boyer v. Karakehian*, 915 P.2d 1295, 1299 (Colo. 1996) (in the absence of allegations of fraud, accident, or mistake in the formation of the contract, parol evidence may not be admitted to add to, subtract from, vary, contradict, change, or modify an unambiguous integrated contract). Accordingly, I find that there are genuine issues of material fact regarding Parsley's affirmative defense of fraud in the inducement.

     B.     <u>Plaintiff's Motion to Strike Defendant Parsley's Damages</u>

I now turn to Contrada's motion to strike Parsley's damages in which it contends

that Parsley has failed to provide a computation of damages as required by Fed. R. Civ. P. 26(a)(1).  Parsley seeks damages stemming from counterclaims against Contrada in the amount of $13,074,630.14 for alleged liability on a promissory note, $1,100,000.00 in "capital contributions to partnership" and $2 million in lost profits and special damages.  Contrada contends that Parsley is not entitled to these damages because he did not make any capital contributions to the Endeavor partnership, he is not a partner, and because he never paid any portion of the promissory notes.  Contrada requests that, as a sanction for Parsley's failure to properly disclose and supplement his damages, he should be barred from offering any evidence of his counterclaim damages at trial.  I reject this request.  I agree with Parsley that Contrada's assertions go to the legal sufficiency of his counterclaims, rather than the adequacy of his damage disclosures.  I find that Contrada's motion is a belated attempt to dismiss Parsley's counterclaims.  I also note that Parsley's initial disclosures were submitted October 20, 2010.  Contrada had an opportunity to seek further clarification as to Parsley's damage request through interrogatories or during Parsley's deposition, but failed to do so.  Therefore, the motion will be denied.

      C.      <u>Plaintiff's Motion to Strike Jennifer Quintisky</u>

Finally, I address Contrada's Motion to Strike Jennifer Quintinsky as a witness for Parsley.  Contrada notes that Ms. Quintinsky was not listed on Parsley's initial disclosures, but was listed on the Final Pretrial Order as a non-expert witness who may testify at trial.  In response, Parsley states that he told Contrada about Ms. Quintinsky in January, 2011, and further states that he has no objection to opening discovery for the

purpose of deposing Ms. Quintinsky.  Therefore, I find that the motion should be denied without prejudice, and that the discovery period should be re-opened so that Contrada can depose Ms. Quintinsky, if it so chooses.

III.    CONCLUSION

Based upon the foregoing, it is

ORDERED that Plaintiff's Motion for Summary Judgment, filed April 18, 2011 [ECF No. 54] is **DENIED**.  It is

FURTHER ORDERED that Plaintiff's Motion to Strike Defendant Robin L. Parsley's Damages, filed September 7, 2011 [ECF No. 85] is **DENIED**.  It is

FURTHER ORDERED that Plaintiff's Motion to Strike Jennifer Quintinsky as a Witness, filed September 7, 2011 [ECF No. 86] is **DENIED WITHOUT PREJUDICE**.  It is

FURTHER ORDERED that discovery period shall be re-opened for the limited purpose of allowing Plaintiff the opportunity to depose Ms. Jennifer Quintinsky, if it so chooses.

Dated:  February 22, 2012

BY THE COURT:

s/ Wiley Y. Daniel  
Wiley Y. Daniel  
U. S. District Judge