IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  10-cv-00646-WYD-CBS

CONTRADA, INC.,

    Plaintiff,

v.

ROBIN L. PARSLEY; and
N SKY LIVING, INC.,

    Defendants.

**ORDER**

THIS MATTER comes before me on Plaintiff Contrada Inc.'s post-trial Motion for Attorneys' Fees, Costs and Interest [DE-170].  On June 8, 2012, the jury returned a verdict finding that Defendant Robin L. Parsley ("Defendant") breached a contract with Plaintiff Contrada, Inc. ("Contrada").  The jury awarded Contrada $975,000 in damages.  Contrada now seeks $181,409.47 in attorney's fees and costs and prejudgment interest in the amount of $488,595.21.  Defendant does not oppose the request for legal fees and costs, but objects to the award of prejudgment interest.  [DE-171].  I have reviewed the parties' papers and the applicable law, and for the reasons set forth below, I will grant in part and deny in part Contrada's motion.  Specifically, I will grant the request for legal fees and costs and deny the request for pre-judgment interest.

I.     BACKGROUND

The dispute in this case involved approximately $6,000,000 Contrada loaned to

Endeavor Highrise, L.P. ("Endeavor") to provide financing for the construction of a high rise residential condominium tower. Per the terms of the loan, interest accrued at a rate of 17% per annum and increased by an additional 4% in the event of a default. Parsley executed the agreement and note on behalf of Endeavor and also executed a Personal Guaranty ("Guaranty") for the loaned funds. Per the terms of the Guaranty, Parsley personally guaranteed "[o]ne half of the full value of all Obligations" loaned to Endeavor. On January 15, 2010, Contrada declared the loans in default and demanded repayment from Parsley. At the time, Contrada's attorneys maintained that more than $9,598,328 was owed, which represented $9,141,265.45 in principal and interest at 17% plus alate fee. Contrada demanded that Parsley repay one-half of the total amount owed ($4,799,164.36) per the terms of the Guaranty. Parsley failed to tender payment or otherwise honor the Guaranty and Contrada filed suit in this Court against Parsley on March 19, 2010, for breach of the Guaranty.

As it relates to the instant motion, the parties raised the issue of prejudgment interest and attorney's fees with me during the May 16, 2012 trial preparation conference. Counsel for Parsley indicated that the parties had a "fundamental disagreement" as to whether the Court or the jury should award attorney's fees and prejudgment interest.[1] Parsley's attorney argued that the Court, not the jury, should decide both prejudgment interest and attorney's fees. *Id.* at 11:02:08-11:02:04. Contrada's counsel, however, attempted to distinguish between prejudgment interest and interest "calculated under the note." *Id.* at 11:02:20-11:02:24. Contrada's counsel

---

[1] *See* Unofficial Bridge transcript of May 16, 2012, at 11:01:52-11:02:12.

maintained that interest calculated under the promissory note was a jury question. I ordered the parties to refrain from referring to the amount of attorney's fees that should be awarded as damages, but made no similar ruling as to prejudgment interest or interest under the note. *Id.* at 11:03:26-11:04:00.

During opening statements, Contrada's counsel argued that the total amount due under the loan and note exceeds $16,000,000. Contrada arrived at this figure by taking the principal and adding interest at 17%, default interest at 4% and the penalty at 5%. Br. Tr. of June 4, 2012, at 14:42:20-14:42:52. Contrada's witness, Thomas E. Wengh, similarly testified as to the calculation of interest, default interest and the penalty under the loan and note. *Id.* at 16:15:08-16:16:44; 16:24:30-16:25:30.

Moreover, during the charge conference on June 7, 2012, I discussed the insertion of language into the verdict form that the jury should not award interest or attorney's fees. Br. Tr. of June 7, 2012, at 14:26:46-14:26:46. Contrada's counsel objected to this language to the extent that it removed the award of interest from the jury's consideration. Because Contrada had repeatedly argued and introduced evidence regarding interest, I ultimately agreed with Contrada's counsel and allowed the jury to consider interest in awarding damages. The final verdict form submitted to the jury only provided, "Do not include attorney's fees." *See* Verdict Form, p. 2 [DE 158-1]. The jury concluded that Parsley breached his agreement with Contrada and awarded $975,000.00 in damages.

Because Parsley does not oppose Contrada's request for attorney's fees and costs, I will address those issues at the end of this Order. I turn now to the request for

prejudgment interest.

## II. LEGAL STANDARD

In diversity actions, a district court looks to state law in order to determine the allowability of prejudgment interest on a recovery. *Lowell Staats Min. Co., Inc. v. Pioneer Uravan, Inc.*, 878 F.2d 1259, 1268 (10th Cir. 1989). In Colorado, "[t]he right to interest, independent of an agreement to pay it, is statutory." *Id.* (citing *Weaver v. First Nat'l Bank*, 138 Colo. 83, 330 P.2d 142, 149 (1958)). As noted in *Wood v. Hazelet*, the court or the jury may decide the issue of prejudgment interest:

> [W]here it is unquestionably clear that the jury allowed no interest, or where the court reserved the question of allowance of interest until after verdict, and it is clearly ascertainable from the verdict or from uncontroverted facts, the court may make the computation, and add the interest to the verdict.

77 Colo. 442, 237 P. 151, 152 (1925).

## III. LEGAL ANALYSIS

Contrada seeks an award of prejudgment interest - either at the 21% rate provided for in the loan agreement or at the statutory rate of 8% provided for in Colorado Revised Statute § 5-12-102(2). Pursuant to Contrada's calculations, Parsley would owe $488,595.21 at the contractual rate or $186,131.51 at the statutory rate "if the court finds the contractual rate does not apply." Pl.'s Mot., pp. 5-6 [DE-170]. Parsley vehemently opposes any *further* award of prejudgment interest. Relying on Contrada's successful arguments before and during trial that prejudgment interest was a matter for the jury not the Court, Parsley argues that a post-trial award of prejudgment interest would be duplicative of the jury's award. Parsley maintains that Contrada is "not entitled to recover prejudgment interest twice." In its reply brief, Contrada argues that Parsley

misapprehends its request for prejudgment interest.  In an attempt to clarify its demand,

Contrada states:

> The interest sought by Plaintiff's Motion pending before the Court is either the default interest from the date of default or statutory prejudgment interest from the date of default.  Plaintiff's Motion does not seek contract interest for the term of the Note.

Pl.'as Reply. p 3 [DE-172].

Contrada's request requires no clarification and must be denied.  First, Contrada is not entitled to the contractual default interest rate because it has already submitted that request to the jury.  Contrada asked the jury to award default interest during opening statements, the case in chief and during closing arguments.  *See supra,* Sec. I.  The jury then awarded Contrada $975,000 in damages.  Because the default interest rate damages were submitted to the jury, and I cannot say it is "unquestionably clear" that the jury awarded no interest, Contrada's request for default interest must be denied.  *Wood*, 237 P. at 152.

Moreover, there is no basis to award statutory prejudgment interest to Contrada pursuant to Colorado Revised Statute § 5-12-102(2).  In Colorado, statutory prejudgment interest is only available where the parties have no agreement for the payment of prejudgment interest.  *Lowell Staats*, 878 F.2d at 1268; C.R.S. § 5-12-102(2)("when there is no agreement as to the rate thereof, creditors shall receive interest as follows...").  To rule otherwise would allow a windfall to prevailing parties such as Contrada.  They would be able to recover prejudgment interest under their contract and also statutory prejudgment interest under C.R.S. § 5-12-102(2).  The law in Colorado does not allow for such a double recovery.  Finally, Contrada's request conflicts with the

purpose of C.R.S. § 5-12-102(2).  As the Colorado Supreme Court has recognized:

> The purpose of section 5-12-102 is to discourage a person responsible for payment of a claim to stall and delay payment until judgment or settlement. Section 5-12-102 recognizes the time value of money. It represents a legislative determination that persons suffer a loss when they are deprived of property to which they are legally entitled.

*Mesa Sand & Gravel Co. v. Landfill, Inc.*, 776 P.2d 362, 364 (Colo. 1989).  There is no need for statutory prejudgment interest in this case as the parties' contract already permitted Contrada to recover it.  Contrada submitted that issue to the jury and was awarded damages.  Accordingly, I will also deny Contrada's request for statutory prejudgment interest.

IV.     COSTS AND ATTORNEY'S FEES

As the prevailing party, Contrada is entitled to attorney's fees and costs under the terms of Parsley's Guaranty.  *See* Guaranty, ¶6(b) [DE 170-2].  The guaranty provides that:

> [Parsley] further agrees to indemnify [Contrada] for all expenses, including without limitation reasonable attorney's fees, court costs and legal expenses incurred by [Contrada] in endeavoring to collect the Guaranteed Amount, or any amount thereof, or enforcing this Guaranty.

*Id.*  In Parsley's Response, he indicates that he does not oppose Contrada's request for attorney's fees and costs.

After determining that a party is the prevailing party for purposes of attorney's fees, a court must determine the amount of reasonable attorney's fees that it should award.  *See generally*, *Phelps v. Hamilton*, 120 F.3d 1126, 1129 (10th Cir.1997).  To determine the reasonableness of attorney's fees, the Tenth Circuit has adopted a framework that "requires the district court to determine the relevant indicia of success by

examining: (1) the difference between the judgment recovered and the judgment sought; (2) the significance of the legal issue on which the plaintiff prevailed'; and (3) the public purpose served by the litigation." *Brandau v. Kansas*, 168 F.3d 1179, 1181 (10th Cir. 1999)(quotations omitted). Here, however, I need not perform the analysis set forth in *Branda*u given Parsley's stipulation to the reasonableness of Contrada's fee request. In an abundance of caution, however, I have reviewed Contrada's submissions and find the request for attorney's fees and costs reasonable.

V. <u>CONCLUSION</u>

Based on the foregoing, it is

ORDERED THAT Plaintiff Contrada Inc.'s post-trial Motion for Attorneys' Fees, Costs and Interest [DE-170] is GRANTED IN PART and DENIED IN PART. The motion is GRANTED as to the request for attorney's fees and costs. Specifically, Contrada is entitled to an award of attorney's fees and costs in the amount of $181,409.47. The motion is DENIED as to the request for prejudgment interest. It is

FURTHER ORDERED that Plaintiff Contrada Inc.'s Motion for Hearing [DE-175] is DENIED AS MOOT.

Dated: October 31, 2012

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge